[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4538
By writ, summons and complaint, dated December 18, 1995, the plaintiff, Rosemary M. Lupone, is seeking inter alia, a dissolution of her marriage to the defendant, Robert A. Lupone.
After a full trial, the parties present and represented by counsel, the court, based on the preponderance of the credible, relevant and legally admissible evidence, finds, determines, rules and fashions orders as follows:
The plaintiff whose birth name was Rosemary Mulvey, and the defendant were intermarried in North Haven, Connecticut on June 10, 1977.
The plaintiff has resided in the State of Connecticut for at least one year prior to this date.
The parties have six minor children issue of the marriage, to wit; Eric V. Lupone, born February 26, 1980, Thomas H. Lupone, born May 26, 1982, Matthew W. Lupone, born September 7, 1984, Benjamin J. Lupone, born April 17, 1989, Tara R. Lupone, born April 7, 1992 and Kevin D. Lupone, born August 2, 1994.
No other minor children have been born to the plaintiff since the date of this marriage.
The plaintiff has been a recipient of state aid during the course of the marriage. The state was served and is represented by counsel in this action.
The marriage has broken down irretrievably.
Evidently, the marriage, through a combination of factors had become tenuous. Health problems on the part of the defendant, failure of communication, stresses of raising six children and the defendant's need to work two jobs and long hours to maintain the family all have contributed to a growing rift between the parties which has culminated in its breakdown. The court finds the parties equally at fault for the failure of their marriage.
The defendant is a biomedical technician and as such grosses $914.00 per week. For the past thirteen years he has supplemented his income, by delivering newspapers, to the extent of $387.00 per week. After expenses, the defendant reports a net income of CT Page 4539 $946.00 per week. The plaintiff is presently unemployed and reports as income $646.61 per week which she receives in the form of payments made by the defendant. The plaintiff occasionally receives funds from the sale of dogs which she raised. However, the care, maintenance, medical expenses and feeding of the dogs hardly renders her a profit from this activity.
The marriage has, for the most part throughout its course, been maintained through the income generated by the defendant. Unfortunately, the same income, at the present time, must support two households with the resultant diminution of the parties life style, that is, the inevitable consequence of a dissolution of this marriage.
The court awards joint custody of the minor children to the parties with principal residence of the children with the plaintiff. Both parties shall share final decision making with regard to major decisions affecting the children.
The defendant is to have specific visitation rights as follows: Every Tuesday from 5:00 PM to 7:00 PM; every Sunday from 11:00 AM to 5:00 PM, the Sunday visits to be off premises; if the children are so engaged, the defendant shall pick up the children who attend Karate lessons on Tuesday nights; upon reasonable notice to the plaintiff, when convenient and in the best interests of the children, the defendant may have additional time with the children; the plaintiff is to have Christmas Day with the children, with the defendant having Christmas Eve with the children, otherwise the plaintiff and the defendant shall have the children on alternate holidays during the year; the parties shall arrange vacation time with the children, giving the defendant at least one week with three of the children at a time. Except for vacation time, the court awards no overnight visitation for the present, the absence of the defendant from the premises commencing at 4:00 AM is not in the best interest of the children, at this time.
The defendant is to pay to the plaintiff as child support the sum of $475.00 per week.
The defendant is to pay to the wife the sum of $150.00 per week as periodic alimony until his or her death or until she marries, or when the youngest child reaches 18 years of age.
The plaintiff shall have exclusive use of the marital CT Page 4540 residence until the youngest child reaches the age of 18, after which time the premises shall be sold and the proceeds after all expenses shall be divided between the parties at the ratio of 60% to the plaintiff and 40% to the defendant.
The defendant shall retain his pension free and clear of all claims of the plaintiff.
The defendant shall maintain medical insurance, as the same is available through his employer, for the minor children and shall be responsible for one-half all unreimbursed medical, dental, orthodontia, opthalmalogical, psychological and psychiatric expenses.
The court makes no order of reimbursement for sums taken from the childrens accounts. The court assumes that if the parties can afford to do so, they will. The limited funds available to the parties do not allow for such repayment.
All personal property remaining in the residence shall be the property of the plaintiff. The plaintiff shall allow the defendant to copy all pictures, photos, childrens' drawings and family videos.
Each party shall be responsible for the debts listed on their financial affidavits and shall be responsible for their own counsel fees.
The plaintiff shall be responsible for repayment of the welfare lien.
The defendant shall maintain life insurance on his life in an amount equal to the balance due on the home mortgage with the plaintiff named as beneficiary.
The defendant may claim all the children as dependents for all federal and state tax purposes.
The plaintiff and the defendant shall be the sole owners of the vehicles which are in their possession and which they are presently operating, free and clear of all claims of the other. The court will enter no orders as to the burial plot of the parties deceased daughter, Laura. The defendant indicated that he has no objection to the child being cremated with the plaintiff, upon the plaintiff's death. CT Page 4541
Accordingly a decree may enter dissolving the parties marriage and incorporating therein the findings, orders, distributions and awards of the court as fashioned above and restoring to the plaintiff her birth name of Rosemary Mulvey.
SPALLONE STATE TRIAL REFEREE